# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE WHIGHAM WILLIAMS, | ) | CASE NO. 5:18-cv-1021 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| VERNON M. INFANTINO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**Background**

*Pro se* plaintiff Elaine Whigham Williams has filed an *in forma pauperis* complaint in this matter against Vernon M. Infantino, a Magistrate for the Stark County Family Court. (Doc. No. 1 ["Compl."].) Her complaint pertains to a judgment entry the Magistrate entered in a family court matter. The plaintiff, a black female, alleges that the Magistrate "is a member of a white supremacist group" (Compl. ¶ 33) and that the Magistrate "committed conspiracy to murder when he falsified a judgment entry on April 1, 2018" in a matter regarding her minor son. (*Id*. ¶ 43.) She contends that the Magistrate's ruling resulted in an AMBER alert, which, she contends, resulted in an order for her "execution by hanging." (*See id*. ¶¶ 26, 40, 43, 50.) The plaintiff alleges that this scenario is a tactic used by white supremacist groups. She alleges: "[t]he targeted individual is falsely arrested and then a prior psychological diagnosis is used or made up in order for Neo Nazis, White Supremacist, New World Order and the KKK to get away with hanging and asphyxiation in County Jails." (*Id*. ¶ 25.)

Seeking $10 million in damages and other relief, the plaintiff alleges claims against the Magistrate for domestic terrorism under 18 U.S.C. § 2331, a hate crime under 18 U.S.C. § 249, and conspiracy to commit murder under 18 U.S.C. § 1117.

**Analysis**

Although *pro se* pleadings are liberally construed, principles requiring generous construction of *pro se* pleadings are not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

The Court finds the plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B).

First, in order to survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The plaintiff's complaint does not allege any plausible claim for relief against Magistrate Infantino because all of the causes of action she alleges in her complaint are based on federal criminal statutes that do not afford a private civil cause of

action. *See, e.g., Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (upholding dismissal of complaint alleging violations of federal criminal laws).

Second, even if the plaintiff had alleged a federal civil cause of action, it is well-established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of their judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). Magistrate Infantino is absolutely immune from any claim for damages asserted by the plaintiff because she is clearly seeking to hold him liable for conduct falling within the scope of his judicial duties.

Finally, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *see also Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

The allegations in the plaintiff's complaint regarding Magistrate Infantino (*i.e.*, that he entered an order in a family court matter regarding her minor son as part of a racist conspiracy to order her execution by asphyxiation), fall within the realm of frivolousness. *See, e.g., Rogers v. Ralles*, No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing complaint alleging that prison doctors and employees awakened the plaintiff from his sleep by administering injections of unknown substances which altered his heart rate and mind set); *Henry v. Caruso*, No.

3

13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing complaint premised on allegations that officials surgically implanted transmission devices into plaintiff's neck).

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; but, for the reasons stated above, her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 9, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**